IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY PRICE

      Plaintiff,                               No. CIV S-05-2366 DFL CMK P

    vs.

PAUL. T. PERSONS, et al.,

      Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 27, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Currently before the court is plaintiff's amended complaint filed March 15, 2006 and the following motions also filed by plaintiff on March 15, 2006: (1) "Motion for Leave to Amend;" (2) "Motion for the Court to Exercise Supplemental Jurisdiction over Separate Claim" and; (3) "Motion to Compel Defendants to Respond to Each Separate Claim...;"

        As plaintiff was granted leave of the court to file an amended complaint within thirty days, plaintiff's motion for leave to amend is moot.

///

///

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff is an African American Male, and he alleges that defendants discriminated against him on the basis of his race, ancestral history and financial status. Plaintiff alleges that defendant Pearson "failed to maintain a policy in which infringed on U.S. Citizen/Plaintiff federal civil rights, during the U.S. Citizen/Plaintiff criminal action." (Doc. 13

1  at 1:21-22.)  Plaintiff appears to allege that defendant Pearson failed to maintain a policy to
2  protect the interests of pre-trial detainees, including African Americans.  Plaintiff appears to
3  allege that defendants injured him by failing to assist plaintiff in defending himself against
4  criminal charges.  The court finds the allegations in plaintiff's amended complaint so vague and
5  conclusory that it is unable to determine whether the current action is frivolous or fails to state a
6  claim for relief. The court has determined that the amended complaint does not contain a short
7  and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a
8  flexible pleading policy, a complaint must give fair notice and state the elements of the claim
9  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
10 Plaintiff must allege with at least some degree of particularity overt acts which defendants
11 engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the
12 requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court
13 will, however, grant leave to file a second amended complaint.

14           If plaintiff chooses to file a second amended complaint, plaintiff must
15 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
16 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second
17 amended complaint must allege in specific terms how each named defendant is involved.  There
18 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
19 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
20 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
21 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
22 civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
23 1982).

24           In addition, plaintiff is informed that the court cannot refer to a prior pleading in
25 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that
26 an amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

As the court has dismissed plaintiff's amended complaint with leave to file a second amended complaint, plaintiff's motions asking the court to exercise supplemental jurisdiction over his claims and to compel the defendants to respond separately to each of plaintiff's claims are moot.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend his complaint (doc. 15) is denied as moot;

2. Plaintiff's motion for the court to exercise supplemental jurisdiction over separate claims (doc. 16) is denied as moot;

3. Plaintiff's motion to compel the defendants to respond to each separate claim (doc 17) is denied as moot;

4. Plaintiff's amended complaint is dismissed and;

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in

---

[1] Plaintiff is advised that should he file an amended complaint, he need not file separate motions asking the court to exercise supplemental jurisdiction or seeking an order requiring defendants to respond to his separate claims.

a recommendation that this action be dismissed.

DATED:  March 22, 2006.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE