IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY PRICE,

      Plaintiff,                              No. CIV S-05-2366 DFL CMK P

    vs.

PAUL T. PERSONS, et al.

      Defendants.                ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 23, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed a second amended complaint.

**I.    Screening Plaintiff's Complaint**

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Plaintiff's Complaint**

The gist of plaintiff's amended complaint appears to be this: plaintiff was a defendant in a criminal action; defendants prevented plaintiff from presenting an adequate defense; prevented him from accessing investigators and he was convicted.  Plaintiff appears to sue defendants under a negligence theory.  Plaintiff also asserts that he was discriminated against based on his race.

**A.     No Cause of Action for Negligence Claims**

To the extent that plaintiff brings a negligence claim against defendants, he has failed to state a cognizable civil rights action.  Section 1893 does not provide a cause of action for violations of state law, including state common law, unless such violation is also a violation

of a constitutional right.  See Ove v. Gwinn, 264 F.3d 817 (9th Cir. 2001); Draper v. Coombs, 792 F.2d 915 (9th Cir. 1986).

### B. Failure to Allege Discrimination Claim

To the extent that plaintiff is alleging that he was discriminated on the basis of his race, he has failed to state a cognizable civil rights claim.  The constitution prohibits discrimination on the basis of race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To establish a discrimination claim, a plaintiff must present evidence of discriminatory intent.  See Washington v. Davis, 426 U.S. 229, 239-40 (1976).  If plaintiff chooses to amend his complaint, he must present specific facts demonstrating that defendants discriminated against him on the basis of his race.

### III. Conclusion

Plaintiff fails to state a claim upon which relief can be granted.  In an abundance of caution, the court will grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
2  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the
3  original pleading no longer serves any function in the case.  Therefore, in a third amended
4  complaint, as in an original complaint, each claim and the involvement of each defendant must
5  be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's amended complaint is dismissed; and

      2.  Plaintiff is granted thirty days from the date of service of this order to file a
third amended complaint that complies with the requirements of the Civil Rights Act, the Federal
Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must
bear the docket number assigned this case and must be labeled "Third amended Complaint";
plaintiff must file an original and two copies of the third amended complaint; failure to file a
third amended complaint in accordance with this order will result in a recommendation that this
action be dismissed.

Dated: May 30, 2006

      /s/ Craig M. Kellison
      United States Magistrate Judge