IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY PRICE,

    Plaintiff,   No. CIV S-05-2366 DFL CMK P

    vs.

PAUL T. PARSONS, et al.,

    Defendants.   FINDINGS & RECOMMENDATIONS

                                /

       Plaintiff is proceeding in this civil rights action without counsel and pro se. Plaintiff has filed a third amended complaint.

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327

///

1    A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
4 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.
5 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10    Plaintiff has now filed four complaints.  His third amended complaint suffers from
11 the same deficiencies noted previously noted with regard to the original, first amended and second
12 amended complaints.  In each complaint, plaintiff has failed to state a cognizable civil rights
13 claim.  Plaintiff's third amended complaint again sets forth no cognizable civil rights violation.
14 The allegations are also insufficient to put defendants on notice of the basis of the claims brought
15 against them.  Although the claims appear to arise from the failure to make a policy of the Butte
16 County Library available to plaintiff, it is not at all clear how plaintiff was injured by this alleged
17 deprivation.  Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has
18 failed to do so.  Moreover, at this point, it appears that further amendment would be futile.
19 See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

1  Based on the foregoing, IT IS RECOMMENDED that this action be dismissed for
2 failure to state a claim upon which relief can be granted
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
9 F.2d 1153 (9th Cir. 1991).

11 DATED:  November 1, 2006.

13 **CRAIG M. KELLISON**
14 UNITED STATES MAGISTRATE JUDGE

3